THE HONORABLE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NINTENDO OF AMERICA INC., a Washington corporation,<br><br>     Plaintiff,<br><br>  v.<br><br>NYKO TECHNOLOGIES, INC., a foreign corporation,<br><br>     Defendant. | No. _____<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF ARISING OUT OF TRADEMARK AND PATENT INFRINGEMENT<br><br><br>**DEMAND FOR JURY** |

Plaintiff Nintendo of America Inc. ("NOA") alleges as follows:

## I.  NATURE OF ACTION

1.  This is an action for damages and equitable relief, including injunctive relief, arising out of Defendant Nyko Technologies, Inc.'s ("Defendant Nyko's") unlawful use of NOA's intellectual property, including common law trademarks and federally registered trademarks and design patents. NOA seeks relief based on Defendant Nyko's ongoing offering, distribution and sale of a video game accessory—the Wireless NUNCHUCK—designed to be used with NOA's popular Wii video game console, which uses its own handheld control device—the NUNCHUK controller. The Wireless NUNCHUCK controller from Nyko is designed to mimic the patented ornamental design elements of Nintendo's NUNCHUK controller and is marketed for sale and sold by Defendant Nyko in a manner that is likely to confuse consumers as to the source or

COMPLAINT (NO. _____ ) – 1

**Perkins Coie** LLP<br>1201 Third Avenue, Suite 4800<br>Seattle, WA 98101-3099<br>Phone: 206.359.8000<br>Fax: 206.359.9000

origin of Nyko's Wireless NUNCHUCK controller and as to its affiliation or association with, or sponsorship or endorsement by, NOA.

## II.   PARTIES

2.      NOA is a Washington corporation with its headquarters and principal place of business in Redmond, Washington.  NOA is a wholly-owned subsidiary of Nintendo Co., Ltd. ("NCL"), a Japanese company with its headquarters and principal place of business in Kyoto, Japan.  NOA and NCL (collectively, "Nintendo") are in the business of developing, manufacturing, and distributing electronic video game hardware, software and accessories.

3.      Upon information and belief, Defendant Nyko is a California corporation with its headquarters and principal place of business in Los Angeles, California.  Defendant Nyko is in the business of developing, manufacturing and selling peripherals for computers and other electronics, including accessories for use with electronic video game systems manufactured by others.  Defendant Nyko distributes its products throughout the world and utilizes major retailers in the United States for sale of its products.  Defendant Nyko does business within the Western District of Washington.

## III.   JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) arising out of the presence of a federal question under the trademark and patent laws of the United States.  This Court's subject matter jurisdiction over NOA's patent claims brought under federal law is exclusive.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 arising out of the parties' diversity of citizenship and the amount in controversy, which exceeds the sum or value of $75,000.00.  Subject matter jurisdiction also exists over some of NOA's claims pursuant to 28 U.S.C. §§ 1367 and 1338(b) providing for supplemental jurisdiction and jurisdiction over related claims of unfair competition.

5.      This Court has personal jurisdiction over the parties based on NOA's residence within the Western District of Washington, Defendant Nyko's offering the Wireless

COMPLAINT (NO. _____ ) – 2

NUNCHUCK controller for sale and selling the Wireless NUNCHUCK controller in the Western District of Washington, and Defendant Nyko's conducting of business within the Western District of Washington.

6.    Venue is appropriate pursuant to 28 U.S.C. § 1391 because the Western District of Washington is the federal judicial district where NOA resides and where Defendant Nyko does business and is therefore subject to personal jurisdiction.

## IV.    FACTS

7.    Nintendo develops, manufactures, markets and distributes electronic video game hardware, software and accessories.  Nintendo invests substantial resources in its research and development prior to bringing its products to market.  Over the years, Nintendo has created and sold numerous high quality video game products, including high quality hardware units designed for the consumer to play video games.  Nintendo also has invented and perfected numerous technological improvements to enhance the consumer's video game experience, including improved sound, distinctive names and ornamental designs, improved user interface, improved graphics and faster speed.  In 2007 alone, Nintendo spent millions of dollars for research and development to refine and improve the quality, sophistication, appearance and playability of its video game products.

8.    The popularity and success of Nintendo's products have created enormous name recognition for the brand and also for various trademarks used by Nintendo, such as NINTENDO, DONKEY KONG, POKEMON, GAMEBOY, Wii and NUNCHUK.

9.    The popularity and success of Nintendo's products also has created enormous consumer recognition for the physical appearance and ornamental design of its products.

10.    Nintendo's success has spawned efforts by other entities to design, fabricate and distribute items that replicate Nintendo's own products by function and appearance, either by outright counterfeiting of Nintendo's hardware and software or by otherwise infringing Nintendo's intellectual property rights.

COMPLAINT (NO. _____ ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

14372-0065/LEGAL14337137.1

11.     Nintendo is the owner, exclusive licensee, or assignee of numerous patents, registered trademarks and copyrights that protect its rights.  Nintendo also owns common law rights in numerous trademarks used in connection with its video games and related products.

12.     Nintendo's most recent commercial success is the Wii video game console, first released in the United States in November 2006.  The Wii video game console has enjoyed unprecedented popularity among consumers and record-setting success in the marketplace.  A main feature of the Wii video game console is its innovative gameplay, in which a player can utilize two different handheld controller devices that register the player's motions and replicates them on the television screen—the Wii Remote controller and the NUNCHUK controller. Nintendo includes one Wii Remote controller and one NUNCHUK controller with the sale of each Wii video game console.

13.     Gameplay featuring handheld controller devices creates an ease of use for the consumer that makes the Wii video game console and the video games that it plays accessible to all, not just to "gamers."  For instance, when playing the video game titled Wii Sports: Tennis on the Wii video game console, the player uses the Wii Remote controller to simulate the use of a tennis racket, and the images on screen project the play action of a tennis match, including the behavior of the racket as it is manipulated in the hands of the player, and the effect on the tennis ball caused by the player's actions.  When playing Wii Sports: Boxing, the player uses the Wii Remote controller and the NUNCHUK controller to simulate movements associated with boxing, including throwing punches and dodging to avoid being hit.  Again, the images on the screen mimic the player's real-life movements.

14.     Nintendo first used the NUNCHUK mark in connection with video game controllers and related products at least as early as November 2006, and Nintendo has used and is using the NUNCHUK mark systematically, continuously and without interruption since that date.  Nintendo owns common law trademark rights in the NUNCHUK mark in connection with this use.  Also, in recognition of Nintendo's exclusive right to use the NUNCHUK mark in

COMPLAINT (NO. _____ ) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

connection with video game controllers and related products, on January 15, 2008, the United States Patent and Trademark Office registered the NUNCHUK mark on the principal register (Reg. No. 3,370,921) ("Nintendo NUNCHUK Trademark Registration"). A true and correct copy of the Nintendo NUNCHUK Trademark Registration is attached hereto as Exhibit A.

15. The NUNCHUK controller from Nintendo is of novel design, shape, and overall appearance. NCL owns U.S. Patent No. D556,201 (issued November 27, 2007) and U.S. Patent No. D556,760 (issued December 4, 2007), copies of which are attached as Exhibits B and C, respectively (the "Design Patents") and other related pending design patent applications. The Design Patents cover the ornamental shape and appearance of the Nintendo NUNCHUK controller, and NCL has the exclusive right to exclude others from manufacturing and selling products utilizing the unique design embodied within the Design Patents. NOA has an exclusive license to the Design Patents.

16. Copies of representative marketing materials used by Nintendo to promote the sale of its Wii video game console and the NUNCHUK controller are attached as Exhibit D. The images of the NUNCHUK controller in the marketing materials conform to the drawings in the Design Patents and accurately display the unique design, shape and appearance of the NUNCHUK controller from Nintendo.

17. Nintendo is presently using and has continuously used the distinctive design, shape and overall appearance of the NUNCHUK controller since the product first was introduced.

18. The Wireless NUNCHUK controller from Nyko infringes Nintendo's patent and trademark rights with respect to Nintendo's NUNCHUK controller for the Wii video game console.

19. First, Defendant Nyko infringes Nintendo's trademark rights in the NUNCHUK mark, including the Nintendo NUNCHUK Trademark Registration, because Nyko is using a

COMPLAINT (NO. _____ ) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

confusingly similar mark in connection with a video game accessory that competes directly with Nintendo's NUNCHUK controller.

20.     Defendant Nyko's marketing and sale of its Wireless NUNCHUCK controller infringes Nintendo's trademark rights in the NUNCHUK mark. The Wireless NUNCHUCK controller from Nyko is variously described on its product packaging as the "Wireless Nunchuck Controller for Nintendo Wii" (both on the front and the back of the packaging) and the "Wireless Nunchuck$_{TM}$" (on the back of the packaging). While Defendant Nyko recently added the term "Kama" to the front of the packaging for Nyko's Wireless NUNCHUCK, this term does not detract from the confusingly similar uses of the Wireless NUNCHUCK mark and other actions by Defendant Nyko.

21.     The packaging for Nyko's Wireless NUNCHUCK prominently features the Wireless NUNCHUCK mark, to which Nyko expressly claims rights. The packaging also includes an icon specifying that Nyko's Wireless NUNCHUK controller is "For Wii." Nyko is also packaging its Wireless NUNCHUCK controller in a blister pack that evokes Nintendo's Wii branding and trade dress, with white, blue and gray coloring, and the product manual included with Nyko's Wireless NUNCHUCK controller repeatedly refers to the product as "the Wireless NUNCHUCK" controller. Copies of Defendant Nyko's marketing materials for its Wireless NUNCHUCK controller are attached as Exhibit E. Photographs of the NUNCHUK controller from Nintendo and the Wireless NUNCHUCK controller from Nyko, both in their packaging, are attached as Exhibit F.

22.     Second, Defendant Nyko infringes the Design Patents because in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the resemblance is such as to deceive such an observer, inducing the observer to purchase one supposing it to be the other and the similarities between the patented design and the accused product reside in the novel aspects of the patented design.

COMPLAINT (NO. _____ ) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

14372-0065/LEGAL14337137.1

23.     Defendant Nyko's offering for sale of the Wireless NUNCHUCK controller also infringes Nintendo's exclusive right to exclude others from utilizing the unique ornamental design of Nintendo's NUNCHUK controller granted in the Design Patents in violation of 35 U.S.C. § 171.  The Nyko marketing materials attached as Exhibit E display a picture of the Wireless NUNCHUCK controller from Nyko.

24.     A side-by-side comparison of Nyko's Wireless NUNCHUCK controller and Nintendo's NUNCHUK controller demonstrates that Nyko's Wireless NUNCHUCK controller wholly appropriates the novel shape, design, overall appearance and even the color and materials used in the Nintendo NUNCHUK controller.  Photographs of both the NUNCHUK controller from Nintendo and the Wireless NUNCHUCK controller from Nyko are attached as Exhibit G.

25.     On information and belief, Nyko's Wireless NUNCHUCK controller has been available for purchase since mid-May 2008.

26.     Before it was available, various retailers in the United States took orders on a pre-release basis for sale of Nyko's Wireless NUNCHUCK controller.  For instance, GameStop, a popular on-line seller of electronic game merchandise, advertised for sale the "Wii Wireless NUNCHUCK" on a pre-release basis.  It was offered for sale on GameStop's "Nintendo Wii" page, a copy of which is attached as Exhibit H.  In fact, Nyko's Wireless NUNCHUCK controller was offered for sale by GameStop on the same page where the genuine NUNCHUK controller from Nintendo was listed for sale, described as the "Wii Nunchuk Controller."

27.     Similarly, the retailer Circuit City also offered Nyko's Wireless NUNCHUCK controller for sale on a pre-release basis, describing it as the "Wireless NUNCHUCK."  The relevant page from Circuit City's website is attached as Exhibit I.  Finally, Amazon.com offered Nyko's Wireless NUNCHUCK controller on its website under the description "Nintendo Wii Wireless NUNCHUCK," and, later, as "Wii Wireless Kama Nunchuk."  The relevant pages from Amazon.com's website are attached as Exhibit J.  The product descriptions on the Amazon.com website indicate that Nyko's Wireless NUNCHUCK controller "provides all the same abilities

COMPLAINT (NO. _____ ) – 7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

and features of the wired version." On the Amazon.com website, Nyko's Wireless NUNCHUCK controller was identified as the "Nintendo Wii Wireless NUNCHUK" and as the "Wii Wireless Kama Nunchuk" without any reference to the fact that it is not, in fact, a genuine Nintendo product.

28.     Nintendo has never authorized or licensed Defendant Nyko to use its trademarks or to copy the patented design of Nintendo's NUNCHUK controller for use with the Wii video game console.

29.     Nintendo does not originate, sponsor, or approve of Defendant Nyko's use of the NUNCHUCK mark or its use of Nintendo's novel design, shape and overall appearance of Nintendo's NUNCHUK controller.

## V.     FIRST CAUSE OF ACTION:
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

30.     Nintendo incorporates by reference paragraphs 1-29, above.

31.     Nintendo owns the Nintendo NUNCHUK Registration.  This registration is in full force and effect and is legally enforceable.  Nintendo also owns common law rights in the NUNCHUK mark.

32.     Defendant Nyko's actions in marketing the Wireless NUNCHUCK controller for Nintendo's Wii video game console constitutes the use in interstate commerce of a false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of its goods and services with Nintendo, or as to the origin, sponsorship, or approval of the goods provided by Defendant Nyko, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33.     Defendant Nyko's actions also constitute the use in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of a registered trademark of Nintendo in connection the sale, offering for sale, distribution, or advertising of goods or services on or in

COMPLAINT (NO. _____ ) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

connection with which such use is likely to cause confusion or mistake, or to deceive, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

34.    Defendant Nyko knew or should have known of Nintendo's exclusive rights in the NUNCHUK mark, and Nyko's false designation of origin has been knowing, willful and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

35.    Nintendo has been, and continues to be, damaged by Defendant Nyko's acts in a manner that cannot be fully measured or compensated in economic terms.  Nintendo has no adequate remedy at law.  Defendant Nyko's acts have damaged, and threaten to continue to damage, Nintendo's reputation and goodwill.

36.    Defendant Nyko's trademark infringement will continue unless enjoined by this Court.

## VI.    SECOND CAUSE OF ACTION:
## COMMON LAW TRADEMARK INFRINGEMENT

37.    Nintendo realleges and incorporates by reference paragraphs 1-36, above.

38.    Through its systematic, continuous and uninterrupted use of the NUNCHUK trademark, Nintendo owns common law trademark rights in this trademark.

39.    Defendant Nyko's use of the mark in connection with its Wireless NUNCHUCK controller is likely to confuse a significant number of customers into believing that Defendant Nyko's Wireless NUNCHUCK controller is sponsored by or is otherwise associated with Nintendo, or that the parties' respective competing products come from a common source.

40.    Defendant Nyko knew or should have known of Nintendo's exclusive rights in the trademark and has knowingly, willfully and deliberately used the trademark in violation of Nintendo's rights.

41.    Defendant Nyko's use of the trademark constitutes trademark infringement under the common law of the State of Washington.

COMPLAINT (NO. _____ ) – 9

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

42.     Nintendo has been, and continues to be, damaged by Defendant Nyko's acts in a manner that cannot be fully measured or compensated in economic terms.  Nintendo has no adequate remedy at law.

43.     Defendant Nyko's acts have damaged, and threaten to continue to damage, Nintendo's reputation and goodwill.

44.     Defendant Nyko's trademark infringement will continue unless enjoined by this Court.

## VII.    THIRD CAUSE OF ACTION:
## DESIGN PATENT INFRINGEMENT

45.     Nintendo realleges and incorporates by reference paragraphs 1-29, above.

46.     The unique ornamental design of Nintendo's NUNCHUK controller for electronic video games is described and claimed in the Design Patents, which are valid and enforceable.

47.     Nintendo is the exclusive licensee [quote from the license agreement Perkins is preparing] and owns all substantial rights in the Design Patents, including the right to bring suit for their infringement.

48.     Defendant Nyko infringes the Design Patents because in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the resemblance is such as to deceive such an observer, inducing the observer to purchase one supposing it to be the other and the similarities between the patented design and the accused product reside in the novel aspects of the patented design.  Such infringement is in violation of 35 U.S.C. § 171.

49.     Defendant Nyko knew or should have known of Nintendo's exclusive right to exclude the manufacturing or sale of an electronic game controller that is covered by the claims of the Design Patents, and Defendant Nyko's infringement has been knowing, willful and deliberate, entitling Nintendo to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

COMPLAINT (NO. _____ ) – 10

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

50. Nintendo has been, and continues to be, damaged by Defendant Nyko's acts in a manner that cannot be fully measured or compensated in economic terms. Nintendo has no adequate remedy at law.

51. Defendant Nyko's patent infringement will continue unless enjoined by this Court.

52. Defendant Nyko has been unjustly enriched by its infringing activities, to the detriment of Nintendo.

53. Each of Defendant Nyko's acts of infringement has caused damage to Nintendo, and Nintendo is entitled to recover the damages sustained by Nintendo as a result of Defendant Nyko's wrongful acts in an amount that will be proven at trial. Nintendo is further entitled to recover Defendant Nyko's total profit resulting from Defendant Nyko's wrongful acts.

### VIII. FOURTH CAUSE OF ACTION: UNFAIR BUSINESS PRACTICES

54. Nintendo realleges and incorporates by reference paragraphs 1-53, above.

55. The foregoing acts of Defendant Nyko constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of RCW 19.86.020.

56. Defendant Nyko's conduct affects and is contrary to the public interest, tends to mislead a substantial portion of the public, and has injured and, unless enjoined, will continue to injure Nintendo's business and property in the State of Washington.

57. Nintendo has been and will continue to be damaged, and Defendant Nyko has been unjustly enriched, by such acts in an amount to be proved at trial.

### IX. JURY DEMAND

Nintendo demands a trial by jury of all issues so triable.

### X. PRAYER FOR RELIEF

Nintendo seeks the following relief:

COMPLAINT (NO. _____ ) – 11

1. An award of compensatory damages, including consequential and incidental damages, in favor of Nintendo and against Defendant Nyko in an amount to be proved at trial;

2. An award of treble damages pursuant to 35 U.S.C. § 284, as well as statutory and punitive damages in favor of Nintendo and against Defendant Nyko as allowed by law;

3. An award of enhanced damages or lost profits, whichever is proven to be greater, in favor of Nintendo and against Defendant Nyko, pursuant to Washington State common law; 15 U.S.C. § 1117; RCW 19.86.090; and as otherwise provided by law;

4. An accounting and award to Nintendo and against Defendant Nyko of all Nyko's profits, gains or unjust enrichment in an amount to be proved at trial;

5. An accounting and inventory of all infringing products in Defendant Nyko's or its agents' possession, custody, or control;

6. An accounting of all of Defendant Nyko's receipts and disbursements, profit and loss statements and other financial materials, statements and books relating to Defendant Nyko's manufacture, marketing, distribution, and sale of any infringing products;

7. An award of Nintendo's costs of suit and reasonable attorneys' fees incurred in bringing this action;

8. An award of prejudgment and post-judgment interest at the maximum rate allowed by law;

9. A preliminary and permanent injunction enjoining Defendant Nyko and all agents, servants, and employees, and any person or entity in active concert or participation with Defendant Nyko, from further infringing activity;

10. An order providing for the seizure and impoundment of all infringing products;

11. An order requiring Defendant Nyko to file with this Court and serve on Nintendo's counsel of record within ten days after issuance of any injunction, a detailed written report, signed under oath by a representative with apparent authority, setting forth the manner and form in which Defendant Nyko has complied with the Court's Orders; and

COMPLAINT (NO. _____ ) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

12.     Such further relief in favor of Nintendo and against Defendant Nyko as the Court deems just and equitable.

DATED:  June 10, 2008

_s/ Harry H. Schneider, Jr._

Harry H. Schneider, Jr., WSBA No. 9404
HSchneider@perkinscoie.com
Susan D. Fahringer, WSBA No. 21567
SFahringer@perkinscoie.com
William C. Rava, WSBA No. 29948
WRava@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Plaintiff

COMPLAINT (NO. _____ ) – 13

14372-0065/LEGAL14337137.1