UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NINTENDO OF AMERICA, INC.,

Plaintiff,

v.

NYKO TECHNOLOGIES, INC.,

Defendant.

Case No. C08-0907RSL

ORDER GRANTING IN PART
MOTION FOR RECONSIDERATION

This matter comes before the Court on Nyko's motion for reconsideration and clarification of the Court's September 8, 2008 order granting Nyko's motion for an extension of time to respond to NOA's motion for a preliminary injunction. (Dkt. #40, the "Order" on the "underlying motion"). The Order sets forth the types of discovery both parties can conduct prior to the November 20, 2008 hearing and a schedule for conducting that discovery.

As an initial matter, Nyko seeks clarification to confirm its understanding that the Order's limitations on pre-hearing discovery apply regardless of whether the discovery will be conducted on an expedited basis or in conformance with the timing set forth in the Federal Rules of Civil Procedure. The parties did not address that issue in the underlying motion. The Court notes that the limitations set forth in the Order apply to all pre-hearing discovery. Otherwise, one party could overwhelm the other with requests not narrowly tailored to issues relevant to the motion

ORDER GRANTING IN PART
MOTION FOR RECONSIDERATION - 1

for a preliminary injunction.

Nyko now seeks to conduct additional pre-hearing discovery, including taking more depositions and receiving responses to its written discovery requests. Nyko seeks to take the depositions of the five inventors of the patents at issue in this case. Nyko requested to take those deposition in the underlying motion, and the Order denied that request. In addition, although Nyko argues that the inventors may not have disclosed some prior art to the Patent Office, for purposes of the hearing, they can obtain that information from other sources rather than attempting to depose individuals in Japan. Nyko also seeks to depose the licensor of the patent. It has not made that request before, and has not explained why it could not have done so with reasonable diligence. Moreover, Nyko has sought written discovery regarding any assignment or transfer of rights to the patent. It has not argued or shown that the written discovery will be insufficient. Accordingly, Nyko will not be permitted to take additional depositions before the hearing.

Nyko contends that the Order permits NOA to conduct broad written discovery, but limited Nyko to conducting pre-hearing written discovery only on the standing issue. Nyko argues that the result is unfair, but Nyko, unlike NOA, did not propound any written discovery requests prior to briefing the motion for an extension and for expedited discovery. Although its counsel sent an e-mail to NOA's counsel informally requesting discovery, it never identified the relevance of the information sought to NOA or to the Court. Based on its own inaction and failure to identify the relevance, Nyko cannot now complain that the Order did not grant it broader written discovery. Accordingly, Nyko has not shown any error in the prior ruling.

The Court also considers whether Nyko has raised new facts that could not have been brought to the Court's attention earlier with reasonable diligence. Nyko seeks permission to obtain responses to its first set of requests for production,[1] which it served after the close of

---

[1] Nyko has also propounded interrogatories related to the issue of NOA's standing. NOA has not objected to those requests, and this order need not address them.

ORDER GRANTING IN PART
MOTION FOR RECONSIDERATION - 2

briefing on the underlying motion. Whether to require NOA to respond to those requests before the hearing is a close call. On one hand, Nyko could have, and should have identified the discovery it sought to obtain in its memoranda regarding the underlying motion. On the other hand, it gave NOA some notice of those issues with its earlier e-mail informally describing the discovery it sought. In addition, Nyko argues that it will suffer prejudice if it does not obtain written discovery prior to the hearing regarding certain issues. In particular, it seeks documents to show whether the patents and trademark registration at issue are valid and enforceable. If they are not, a preliminary injunction would not be appropriate. Accordingly, the Court will permit Nyko to obtain some additional written discovery prior to the hearing. However, some of its requests for production are overbroad and not narrowly tailored to issues relevant to the preliminary injunction hearing. NOA has not explained how responses to requests 1, 6, 7, 9, 10, 13, 17-20,[2] and 27 are needed for the hearing.[3] Nor is the relevance obvious, though the overbreadth is. See, e.g., Request No. 6 ("Any patent application filed by any inventor regarding any controller for use with any video game"). NOA will not be required to respond to those requests prior to the hearing. In its motion, Nyko also seeks documents to support NOA's contention, in its motion for a preliminary injunction, that it has sold more than 10.4 million Wii consoles in the United States. That contention is in the Declaration of Jacqualee Story, and the Order stated that Nyko may depose her prior to the hearing. The deposition should be sufficient prior to the hearing. Similarly, Nyko's motion claims that it needs documents "sufficient to

---

[2] Nyko seeks all documents that "concern, refer or relate to, in any way, in whole or in part," the three NOA witnesses it plans to depose. Requests for Production 18-20. Nyko did not limit those requests to seek relevant information and it is easy to imagine categories of documents regarding those individuals that are wholly unrelated to the issues in this litigation. NOA will not be required to respond to those requests before the hearing.

[3] NOA must serve responses and objections, if warranted, to those requests within twenty days after the preliminary injunction hearing. The Court has not parsed NOA's discovery requests because Nyko has not argued that they are overbroad or otherwise objected to them in Court filings. Nor has NOA sought an extension to conduct discovery as Nyko did.

ORDER GRANTING IN PART
MOTION FOR RECONSIDERATION - 3

identify how many Nunchuk devices NOA has sold independently from the Wii consoles." Nyko's Motion for Reconsideration at p. 6. Nyko's discovery requests, however, did not request that information. The Court will not order NOA to produce documents that Nyko has not requested in discovery. Nyko can question Ms. Story about that topic during her deposition.

In contrast, NOA will be required to respond to requests for production 2-5, 8, 11, 12, 14-16, 21-26, 28, and 29 prior to the hearing. Those requests appear reasonably calculated to obtain information related to whether a preliminary injunction should issue. NOA must serve its responses under the timing set forth in Federal Rule of Civil Procedure 34.

Finally, NOA requests that the Court limit Nyko's supplemental responsive memorandum to issues it raised in its initial response to the motion for a preliminary injunction. The Court is sympathetic to NOA's argument that it will have only one week to reply to Nyko's supplemental response, and responding fully could be challenging if Nyko raises new defenses. However, that challenge is always present with a response. Pursuant to the Order, NOA's reply time is actually longer than contemplated by the Local Rules. Moreover, both parties may present evidence during the hearing on November 20, 2008. An injunction could have significant effects on Nyko's operations, and the Court will not limit the arguments it can present in its memorandum.

For all of the foregoing reasons, the Court GRANTS IN PART Nyko's motion for reconsideration (Dkt. #44). As set forth above, NOA must respond to some of Nyko's newly propounded discovery requests prior to the hearing.

DATED this 24th day of September, 2008.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
MOTION FOR RECONSIDERATION - 4